UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-00163-GNS-DW

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

DANIEL LACY                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Review Judgment (DN 57). For the reasons outlined below, the motion is **DENIED**.

**I.     BACKGROUND**

On February 8, 2012, Defendant Daniel Lacy ("Lacy") was arrested and charged with manufacturing methamphetamine, child endangerment, complicity to the possession drug paraphernalia, and complicity to the possession of marijuana. After pleading guilty, Lacy was sentenced to a term of incarceration of fifteen years by the Nelson Circuit Court, Kentucky, on September 21, 2012.[1]

On November 20, 2013, a federal grand jury indicted Lacy on one count of the unlawful transport of firearms, and one count of unlawfully receiving a firearm that was not registered.

---

[1] In obtaining this information, the Court reviewed the Commonwealth of Kentucky's CourtNet electronic docket for Lacy's state court case, Criminal Action No. 12-CR-00067. In the state court criminal action, Lacy was sentenced as follows: one count of manufacturing methamphetamine – fifteen years; one count of child endangerment – five years; complicity to possession of drug paraphernalia – twelve months; and one count of complicity to possession of marijuana – forty-five days. All sentences were to run concurrently and coterminous with any federal sentence.

1

(Indictment 1-2, DN 1). On January 28, 2014, Lacy was transferred to the custody of the United States Marshal's Service pursuant to a writ of habeas corpus ad prosequendum. (Def.'s Mot. Review J. Ex., at 1, DN 57-1; Writ Habeas Corpus Ad Prosequendum, DN 7). On November 10, 2014, Lacy pleaded guilty to both federal counts, and the Court subsequently imposed the following sentence:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 92 months as to each of Counts 1 and 2 in the Indictment, which shall run concurrently. The term of imprisonment shall run concurrently with the sentence of imprisonment the defendant is presently serving in Nelson Circuit Court, Case No. 12-CR-67. Since the conduct in Nelson Circuit Court Case No. 12-CR-67 is relevant conduct to the instant offense of conviction, the defendant will be credited with 23 months and 20 days for which he was incarcerated prior to entering federal custody. **Therefore, he is committed to the custody of the Bureau of Prisons for a term of 68 months and 10 days.**

(J. & Commitment Order 1, 3, DN 47). The period of incarceration was also to be followed by two years of supervised release. (J. & Commitment Order 4).

While the record provides little information of what transpired following Lacy's sentencing in federal court, he is currently incarcerated at Federal Correctional Institution Schuylkill ("FCI Schuylkill"), which is located in Minersville, Pennsylvania. During his incarceration, he requested a review of the calculation of his sentence. (Def.'s Mot. Review J. Ex., at 1). In particular, Lacy requested credit for time served beginning on September 21, 2012. (Def.'s Mot. Review J. Ex., at 1). After his request was denied, the National Inmate Appeals Administrator ("NIA Administrator") also denied the appeal on the basis that Lacy had already received credit for his time in state custody when he was sentenced in federal court. (Def.'s Mot. Review J. Ex., at 1-2). In noting that Lacy was not entitled to the credit, the NIA Administrator also stated:

> Furthermore, at the time your federal sentence was imposed, you were in the service of an undischarged term of imprisonment in the state of Kentucky and in federal custody pursuant to a writ. Be advised that time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting sentence time. The primary reason for "writ" custody is not the federal charge; the federal Court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

(Def.'s Mot. Review J. Ex., at 2).

In the present motion, Defendant challenges the calculation of the Bureau of Prisons ("BOP") of the term of his federal sentence and is seeking credit for the fourteen-month period prior to his federal sentencing. (Def.'s Mot. Review J. 1, DN 57).

## II. DISCUSSION

The Attorney General, through the BOP, is the individual authorized to grant credit for any presentence detention. *See United States v. Wilson*, 503 U.S. 329, 333 (1992). Whether a federal inmate receives credit on a federal sentence for prior custody is governed by 18 U.S.C. § 3585(b). In relevant part, the statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). *See also* U.S. Sentencing Guidelines Manual § 5G.1.3(b)(1) (U.S. Sentencing Comm'n 2014) ("[T]he court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons . . . ."). As a sister court has explained:

3

> In essence, § 3585(b) bars awarding any credit toward a federal sentence for time that a prisoner spent incarcerated in primary state custody, if that time was credited to the prisoner's state sentence. The Sixth Circuit has consistently held that if a prisoner has received credit towards his state sentence for time spent in detention, he may not also receive prior custody credit toward his federal sentence for the same period of time.

*Salas v. Ormond*, No. 6:15-CV-219-GFVT, 2016 WL 1733451, at *2 (E.D. Ky. Apr. 29, 2016) (internal citation omitted) (citations omitted).

In essence, Defendant is requesting exactly what 18 U.S.C. § 3585(b) prohibits—double credit for time served. *See Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit." (internal citations omitted) (citations omitted)). Thus, Lacy is not entitled to any further custody credit towards his federal sentence.

It is also necessary to discuss the doctrine of primary jurisdiction. A sister court has explained the doctrine as follows:

> [T]he sovereign that first arrests an individual has primary control or custody over him, its claim over him has priority over all other sovereigns that subsequently arrest him, it is entitled to have him serve a sentence that it imposes before he serves any sentence imposed by another sovereign, and it retains this priority, unless and until it has relinquished its jurisdiction to some other sovereign.

*Salas*, 2016 WL 1733451, at *3 (citing *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922)). Thus, when a state has primary jurisdiction over a prisoner, federal custody does not begin until the state prison officials relinquish custody upon satisfaction of the state sentence. *See Banks v. United States*, No. 2:12-CV-2175, 2013 WL 3564135, at *2 (W.D. Tenn. July 11, 2013). The fact that Lacy was in federal custody pursuant to writ of habeas corpus ad prosequendum does

not divest the Commonwealth of Kentucky of primary jurisdiction over him. *See Salas*, 2016 WL 1733451, at *3 (citations omitted).

In this case, the Commonwealth of Kentucky arrested and sentenced Lacy before federal authorities arrested him. As a result, Kentucky had primary jurisdiction over Lacy from January 28, 2014, to May 15, 2015, the date on which Lacy was released from Kentucky parole. During this time, Lacy was only secondarily in federal custody and under control of the United States Marshal's Service pursuant to a writ of habeas corpus ad prosequendum. The record does not reflect that the Commonwealth of Kentucky relinquished its primary jurisdiction over Lacy until it paroled him from his state sentence.

Under 18 U.S.C. § 3585, a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Here, Lacy's federal sentence was imposed on March 24, 2015, which would be the earliest date on which he could have begun serving that sentence. While his federal sentence was to run concurrently with his state sentence, Lacy received the benefit of a reduction in his sentence for the period of twenty-three months and twenty days while he was incarcerated prior to entering federal custody. (J. & Commitment Order 3).

Based on this Court's review, the BOP correctly credited Lacy's federal sentence with pre-custody jail credit for the period of time during which Lacy was in state custody. The BOP also correctly refused to credit time spent in state custody while he was in the custody of the United States Marshal's Service pursuant to the writ of habeas corpus ad prosequendum. Accordingly, Lacy's motion will be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Review Judgment (DN 57) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
June 26, 2017

cc: counsel of record
Daniel Lacy, *pro se*